

FILED
SEP 13 2017
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 17-537T
(Filed: September 13, 2017)
NOT FOR PUBLICATION

```
*****************************************
ERICA B. BROMAGEN,                       *
                                         *
              Plaintiff,                 *       RCFC 12(e); Motion for a More Definite
                                         *       Statement; Pro Se Plaintiff; Tax Refund;
       v.                                *       Wrongful Levy; 26 U.S.C. § 7422(a);
                                         *       Clintwood Elkhorn Mining Co.; Pennoni;
THE UNITED STATES,                       *       RCFC 9(m)
                                         *
              Defendant.                 *
*****************************************
```

## ORDER

On September 8, 2017, defendant in the above-captioned case filed a motion for a more definite statement pursuant to Rule 12(e) of the Rules of the United States Court of Federal Claims ("RCFC"). Defendant asserts that plaintiff, proceeding pro se, filed her lawsuit as a tax refund case, but did not include in her complaint the information required by RCFC 9(m) for such cases. It therefore requests that the court direct plaintiff to file a more definite statement containing the required information.

As an initial matter, the court notes that although the cover sheet that plaintiff submitted with her complaint indicates that the nature of plaintiff's lawsuit was "Tax - Income, Individual," plaintiff does not allege in her complaint that she is seeking a refund of income taxes that she paid to the Internal Revenue Service. Rather, plaintiff alleges:

> On April 17, 2013, the Internal Revenue Service took funds in Plaintiff's account at Bank of the West Bank in Cheyenne, Wyoming in the amount of $88,833.64 to set off against an asserted tax obligation of Plaintiff's parents. These funds belong to Plaintiff, and were and are in no way responsible to set off against any obligation of Plaintiff's parents.

Compl. ¶ 4. Plaintiff therefore "requests that this court issue an order to the Internal Revenue Service to restore the funds taken from Plaintiff's bank account to Plaintiff." Id. ¶ 5. In short, plaintiff alleges that the Internal Revenue Service has wrongfully levied the funds contained in her bank account.

The fact that plaintiff is not seeking a refund of the income taxes that she paid to the Internal Revenue Service does not mean, however, that her claim for the return of funds is not subject to the same requirements as a tax refund suit. Section 7422 of the Internal Revenue Code provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, <u>or of any sum alleged to have been</u> excessive or <u>in any manner wrongfully collected</u>, until a claim for refund or credit has been duly filed with the [Internal Revenue Service], according to the provisions of law in that regard, and the regulations . . . established in pursuance thereof.

26 U.S.C. § 7422(a) (2016) (emphasis added). The United States Supreme Court has held that this statute should be interpreted expansively. <u>United States v. Clintwood Elkhorn Mining Co.</u>, 553 U.S. 1, 7, 13 (2008). Thus, an individual, such as plaintiff, who seeks the return of funds levied by the Internal Revenue Service ("any sum alleged to have been . . . wrongfully collected") must comply with the requirements for filing tax refund suits. <u>Accord</u> <u>Pennoni v. United States</u>, 86 Fed. Cl. 351, 359 (2009) ("[T]he Supreme Court also specifically addressed the breadth of the 'any sum' language in section 7422 and held that . . . the taxpayers were still required to file refund claims because section 7422(a) not only applies to suits for the recovery of 'any internal revenue tax,' but also 'goes on to apply its prohibition against suit absent a proper refund claim to <u>any sum</u> alleged to have been excessive or in any manner wrongfully collected.'" (quoting <u>Clintwood Elkhorn Mining Co.</u>, 553 U.S. at 13))

The requirements for filing a tax refund suit in the United States Court of Federal Claims include compliance with RCFC 9(m), which provides:

> Tax Refund Claim. In pleading a claim for a tax refund, a party must include:
> (1) a copy of the claim for refund, and
> (2) a statement identifying:
>     (A) the tax year(s) for which a refund is sought;
>     (B) the amount, date, and place of each payment to be refunded;
>     (C) the date and place the return was filed, if any;
>     (D) the name, address, and identification number (under seal) of the taxpayer(s) appearing on the return;
>     (E) the date and place the claim for refund was filed; and
>     (F) the identification number (under seal) of each plaintiff, if different from the identification number of the taxpayer.

As defendant notes, plaintiff did not provide the information required by this rule. Specifically, plaintiff did not submit a copy of the claim for refund that she filed with the Internal Revenue Service pursuant to RCFC 9(m)(1) or a statement containing all of the information described in

RCFC 9(m)(2). Without the information required by RCFC 9(m), defendant will not be able to appropriately respond to plaintiff's allegations.

Accordingly, for good cause shown, the court **GRANTS** defendant's motion for a more definite statement. Plaintiff shall file the more definite statement–which shall include the information described in RCFC 9(m), by **no later than Wednesday, October 4, 2017**. Defendant shall than have until **no later than Monday, December 4, 2017**, to respond to plaintiff's complaint.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge